## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DANIEL STREU,

     Plaintiff,

vs.                                      No. CIV 24-0451 JB/JMR

ALISHA TAFOYA, Director of Department of
Corrections; FNU WILKINS, Warden of
G.C.C.F.; I. JACOBO, Unit Manager, New
Mexico Corrections Department; NEW
MEXICO STATE PROBATION & PAROLE
BOARD; and MICHELLE LUJAN GRISHAM,
Governor of New Mexico,

     Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following the Plaintiff's failure to prosecute his Amended Prisoner Civil Rights Complaint, filed May 21, 2024 (Doc. 3)("Amended Complaint"). The Honorable Jennifer Rozzoni, United States Magistrate Judge for the United States District Court for the District of New Mexico, recently directed Plaintiff Daniel Streu to submit an inmate account statement, as 28 U.S.C. § 1915(a) requires.  See Order to Cure Deficiency, filed October 18, 2024 (Doc. 9)("Cure Order").  Because Streu has not complied with the Cure Order and has not updated his address, the Court dismisses this case without prejudice.

## BACKGROUND

Streu commenced this case on May 9, 2024, while incarcerated at the Guadalupe County Correctional Facility in Santa Rosa, New Mexico.  See Civil Rights Complaint, filed May 9, 2024 (Doc. 1)("Complaint").  On May 21, 2024, Streu filed his Amended Prisoner Civil Rights Complaint. Construed liberally, the Amended Complaint alleges violations of Streu's

Constitutional rights based on his confinement conditions and relating to his parole.   See Amended Complaint at 3-5.   Streu filed a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed May 21, 2024 (Doc. 4)("IFP Motion"), along with the Amended Complaint.   Streu did not attach to the IFP Motion "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint."   28 U.S.C. § 1915(a)(2).   Section 1915(a)(2) requires the six-month account statement in all cases where, as here, a prisoner seeks to bring a civil action "without prepayment of fees or security therefor."   28 U.S.C. § 1915(a)(2).

The Court referred this matter to Magistrate Judge Rozzoni for recommended findings and disposition, and to enter non-dispositive orders.   See Order of Reference Relating to Prisoner Cases, filed May 13, 2024 (Doc. 2).   Magistrate Judge Rozzoni ordered Streu to submit an inmate account statement reflecting transactions for a six-month period.   See Cure Order at 1. Magistrate Judge Rozzoni set a deadline of November 18, 2024, for Streu to submit the account statement.   See Cure Order at 1.   The Cure Order warns that the failure to comply timely may result in the dismissal of this action without further notice.   See Cure Order at 1.

Streu has not submitted a six-month account statement; instead, he files a Letter stating that he has not received an inmate account statement and that he is being released on November 9, 2024.   See Letter from Daniel Streu to US District Cour of NM (not dated), filed November 12, 2024 (Doc. 10)("Letter").   Streu further states that he will contact an attorney and will have the attorney contact the Court with Streu's new address.   See Letter at 1.   The Court's docket reflects that mail sent to Streu at the Guadalupe County Correctional Facility has been returned as undeliverable.   See Returned Envelope (dated November 13, 2024), filed November 25, 2024

(Doc. 11)(stating that Streu is "[n]o longer at this facility").   The New Mexico Corrections Department inmate locator website reflects that Streu is no longer in custody.   Streu has not advised the Clerk of his new address, as D.N.M. LR-Civ. 83.6 requires.   D.N.M. LR-Civ. 83.6 provides: "All . . . parties appearing pro se have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing addresses."   D.N.M. LR-Civ. 83.6.   The Court, therefore, considers whether to dismiss this case for failure to prosecute, and to comply with the Court's rules and the Cure Order.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."   Fed. R. Civ. P. 41(b).   See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009).   As the United States Court of Appeals for the Tenth Circuit explains, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation."   Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007).   "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."   Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).   If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."   Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center, 492

F.3d 1158, 1162 (10th Cir. 2016)("Nasious").    Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."   Nasious, 571 F.3d at 1061.   Those criteria include: the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions. Nasious, 571 F.3d at 1061.

Here, Streu has not filed a 6-month inmate account statement, as the Cure Order and 28 U.S.C. § 1915(a)(2) require.   He also has severed contact with the Court and failed to provide an updated address, as D.N.M. LR-Civ. 83.6 requires.   In light of these failures, the Court dismisses this case pursuant to rule 41(b) for failure to prosecute, and to comply with rules and orders.   See Olsen v. Mapes, 333 F.3d 1199 at 1204.   After considering the factors in Nasious, the dismissal is without prejudice.   The Court also denies Streu's pending IFP Motion, which is now moot.

**IT IS ORDERED** that: (i) the Plaintiff's Amended Prisoner Civil Rights Complaint, filed May 21, 2024 (Doc. 3), is dismissed without prejudice pursuant to rule 41(b); (ii) his Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed May 21, 2024 (Doc. 4), is denied; and (iii) the Court will enter a separate Final Judgment disposing of this civil case.

UNITED STATES DISTRICT JUDGE

- 4 -

*Parties:*

Daniel Streu
Santa Rosa, New Mexico

    *Plaintiff pro se*